IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY OLSON,

    Plaintiff,

v.                                                                          No. 13-cv-0724 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse Commissioner's Administrative Decision and Remand Claim [Doc. 26] and Memorandum in Support [Doc. 27] (collectively, "Motion"), filed on February 3, 2014. The Commissioner responded on April 3, 2014. [Doc. 28]. Plaintiff replied on April 4, 2014. [Doc. 29]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 25]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to make any of the required findings on the credibility of Plaintiff's complaints of impaired memory, concentration, and thinking; fatigue; and dizziness. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on April 22, 2010. Tr. 12. Plaintiff alleged a disability-onset date of March 7, 2010. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ W. Thomas Bundy held a hearing on September 20, 2011, in El Paso, Texas. *Id.* Plaintiff appeared in person with his attorney, Gary Martone.[3] Tr. 12, 27. The ALJ took testimony from Plaintiff and an impartial vocational expert, Cornelius J. Ford. Tr. 12, 26.

The ALJ issued his unfavorable decision on October 14, 2011. Tr. 12–20. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "status post [transient ischemic attack ("TIA")]; status post right knee [degenerative joint disease ("DJD")]; scoliosis; [and] hypertension." Tr. 14–15. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–18. "[Plaintiff] has the [RFC] to perform the full range of light work as

---

[3] Although Plaintiff was represented by Attorney Martone at the administrative hearing, before this Court he is represented by Attorney Julie Lee Glover.

4

defined in 20 [C.F.R §§] 404.1567(b) and 416.967(b)." Tr. 15.  At step four, the ALJ found that Plaintiff could return to his past relevant work as a customer service representative.  Tr. 18–19.  Alternatively, at step five, the ALJ applied Medical-Vocational Rules ("Grid Rules") 202.21 and 202.14,[4] which—based on Plaintiff's RFC, age, education, and work experience—directed a finding of not disabled.  Tr. 19.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  Tr. 19–20.  The Appeals Council denied Plaintiff's request for review on June 13, 2013.  Tr. 1−4.  Plaintiff timely filed the instant action on August 7, 2013.  [Doc. 1].

## IV. Analysis

The Motion will be granted, and the case will be remanded because the ALJ impermissibly failed to evaluate the credibility of certain symptoms alleged by Plaintiff.  Although Plaintiff alleges another error—related to the ALJ's step-four findings regarding the demands of Plaintiff's past relevant work—the Court need not reach it.  The other error may be rendered moot by proper evaluation of Plaintiff's symptoms.

### A. Remand is warranted to allow the Commissioner to evaluate the credibility of all of Plaintiff's subjective symptoms.

Plaintiff argues that the ALJ erred in failing to include in the RFC any limitations related to Plaintiff's complaints of impaired memory, concentration, and thinking; fatigue; and dizziness.  [Doc. 27] at 11.  This error matters, he argues, because if the RFC is incomplete, the ALJ's findings at step five—which rely on the RFC—would also be incomplete, and remand would be warranted.  *Id.* at 10–11.  Specifically, Plaintiff argues that the ALJ erred in failing to

---

[4] *See* 20 C.F.R. § 404, subpt. P, app. 2, §§ 202.21, 202.14.

make specific findings regarding Plaintiff's subjective complaints of problems with memory, concentration, thinking, fatigue, and dizziness. *Id.* at 12–13 (citing SSR 96-8, 1996 SSR LEXIS 5 at*8).

The Court finds that the ALJ impermissibly failed to make credibility findings on all of Plaintiff's alleged symptoms. The ALJ did make credibility findings on some of Plaintiff's symptoms, i.e., "back pain (from scoliosis), right knee problems/pain, and hypertension [as well as] significant standing, walking, and lifting limitations." Tr. 16. Plaintiff does not challenge those findings. *See* [Doc. 27] at 9–13. Instead, he challenges the ALJ's complete omission of any findings regarding other symptoms. In particular, the record reflects Plaintiff's complaints regarding impaired memory, concentration, and thinking; fatigue; and dizziness. Tr. 31, 32, 36−37, 38, 152, 157–61, 170–72, 178. Nevertheless, the ALJ did not make findings—or even mention—these other symptoms. *See* Tr. 16.

Social Security Ruling 96-7p requires ALJs to "make a *finding* about the credibility of the individual's statements about the symptom(s) and its functional effects. . . . It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" 1996 SSR LEXIS 4, *2–3 (emphasis added). Specifically, in evaluating the credibility of a claimant's subjective complaints, the ALJ follows the steps outlined in *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). First, accepting the subjective allegations as true, the ALJ must determine whether the claimant has a medically determinable impairment that "could reasonably be expected to produce the alleged [symptoms]." *Luna*, 834 F.2d at 163; *see* SSR 96-7p, 1996 WL

6

374186, at *2.  "If an appropriate nexus does exist," the ALJ must next consider all of the relevant evidence "to determine whether the claimant's [symptoms are] in fact disabling." *Luna*, 834 F.2d at 163; *see* SSR 96-7p, 1996 WL 374186, at *2.  The ALJ must consider "the medical data previously presented, any other objective indications of the degree of [the symptoms], and subjective accounts of the severity" in determining whether the ALJ believes the claimant.  *Luna*, 834 F.2d at 163.  That is, the ALJ must assess the credibility of the claimant's assertions of pain or other symptoms.  *Id.*  ALJs, however, do not have to discuss "every piece of evidence."  *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

Here, the ALJ indicates that he "considered" all of Plaintiff's symptoms.  Tr. 15.  However, such conclusory statement does not satisfy the plain language of SSR 96-7p.  The Ruling requires more than consideration of the symptoms; it requires *findings*.  Here, the ALJ failed to make any findings regarding the credibility of Plaintiff's complaints of impaired memory, concentration, and thinking; fatigue; and dizziness.  Without the required findings, there is nothing meaningful for this Court to review.  Accordingly, remand is warranted to proper evaluation of the Plaintiff's symptoms.

## V. Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the Commissioner to evaluate all of Plaintiff's symptoms pursuant to SSR 96-7p.  Because proper evaluation of Plaintiff's symptoms may affect the other error alleged by Plaintiff, the Court need not reach it at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse Commissioner's Administrative Decision and Remand Claim [Doc. 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**